UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINETTE AUSTIN, as Full
Legal Guardian of TERRY JEROME
JONES,

    Plaintiff,

v.

CITY OF DEARBORN; CORPORAL
EDWARD DOULETTE; CORPORAL
CHAD MACDONALD; and SERGEANT
EDWARD FRIES, in their individual and
official capacities, jointly and severally,

    Defendants.
_____/

Case No. 14-11599
Hon. Matthew F. Leitman

## ORDER DENYING PLAINTIFF'S MOTION FOR THE DEPOSITIONS OF ANTOINETTE AUSTIN AND TERRY JONES TO BE CONDUCTED VIA REMOTE MEANS (ECF #12)

In April, 2014, Plaintiff Antoinette Austin ("Plaintiff"), as legal guardian for Terry Jones ("Mr. Jones"), filed this action against the City of Dearborn and three Dearborn Police Officers (collectively, "Defendants"). (*See* the "Complaint," ECF #1.) The Complaint alleges that the individual defendants used excessive force against Mr. Jones. Plaintiff has communicated to the Court and to Defendants that she seeks in excess of $1 million in damages. After filing the Complaint, Plaintiff and Mr. Jones chose to move to Georgia. Plaintiff now seeks entry of an order

1

compelling Defendants to depose her and Mr. Jones by remote means (video conferencing). (*See* ECF #12.) Plaintiff says that health problems and financial pressures prevent her and Mr. Jones from traveling to Michigan to be deposed in person. (*See id.*) For the reasons stated below, The Court **DENIES** the motion.

Plaintiff is a party to the lawsuit. Plaintiff chose to file her lawsuit in this forum and then chose to leave the forum state. Plaintiff was, of course, free to leave, but Defendants should not bear the consequences of that decision. It would disadvantage Defendants to depose the two key witnesses in the case – Plaintiff and Mr. Jones – by remote means. Indeed, in order for Defendants to best evaluate the credibility of these witnesses, Defendants need to question them in person. A remote deposition may well be appropriate for third-party witnesses; such a deposition is not appropriate for key party witnesses who have filed their lawsuit here and then voluntarily departed. Defendants have also persuasively shown that the depositions of Plaintiff and Mr. Jones may well involve the use of substantial exhibits (*see* ECF #15), and it would unfairly disadvantage Defendants to conduct an exhibit-heavy deposition by remote means – especially where, as here, the exhibits may include audio tapes, aerial maps, and photographs.

Plaintiff has also failed to show good cause for a deposition by remote means. Plaintiff claims to have health problems, but Defendants and the Court have offered to delay the depositions until the resolution of those problems.

Plaintiff also claims a lack of financial resources, but she should have foreseen that problem when she chose to leave the forum state.

There is simply no basis to compel Defendants to depose Plaintiff and Mr. Jones by remote means. Accordingly, Plaintiff's motion for permission to do so (ECF #12) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2015


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 17, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113